IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02009-PAB-KMT

K.N.J., INC., a Colorado corporation,

     Plaintiff,

v.

AMES-GRANITE A JOINT VENTURE, a Colorado general partnership,

     Defendant.

_____

AMES-GRANITE A JOINT VENTURE, a Colorado general partnership,

     Third-Party Plaintiff,

v.

AARON BARELA d/b/a Minority Contract Consulting, an individual, and
LINCOLN RESERVE GROUP, INC., a Nevada Corporation,

     Third-Party Defendants.

## ORDER

     This matter is before the Court on Defendant and Third-Party Plaintiff

Ames-Granite A Joint Venture's Motion for Default Judgment Against Third-Party

Defendants Aaron Barela d/b/a Minority Contract Consulting and Lincoln Reserve

Group, Inc. [Docket No. 44]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

     Because of the Clerk of Court's entries of default, Docket Nos. 30, 41, the

allegations in Ames-Granite A Joint Venture's ("Ames/Granite") third party complaint,

Docket No. 17, are deemed admitted.  *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

Ames/Granite entered into a written contract with the Colorado Department of Transportation for construction on U.S. Highway 36, Contract No. NH 0361-093, Code 17516 (the "Prime Contract").  Docket No. 17 at 3, ¶  8-9.  Ames/Granite agreed to furnish labor, materials, and other services in prosecution of the work provided for in the Prime Contract and to perform all work for the construction.  *Id*.

On or about September 5, 2012, Ames/Granite subcontracted with plaintiff K.N.J., Inc. for the performance of a portion of the work under the Prime Contract. Docket No. 17 at 3, ¶ 10-11.  The subcontract required plaintiff to procure a performance bond to guarantee its performance.  *Id*., ¶ 12.  Plaintiff procured a performance bond from Aaron Barela d/b/a Minority Contract Consulting ("Barela"), Bond No. KNJ-1026-PP, with a penal sum amount of $3,885,776.50.  *Id*., ¶ 13.  As security for the bond, Barela procured an Institutional Escrow Receipt, Certificate No. 09-0301-CCL 186, Book Entry Form from Lincoln Reserve Group, Inc. ("Lincoln").  *Id*. at 4, ¶ 15.  The escrow terms provide that, upon default by plaintiff, Lincoln guarantees all of the obligations of Barela's personal guarantee in the bond.  *Id*., ¶ 16.

Plaintiff failed to meet its subcontract obligations, defaulted, and has not remedied its defaults.  Docket No. 17 at 4-5, ¶ 21.  Barela failed and refused to perform his obligations under the bond in the event of default.  *Id*. at 6, ¶ 31.  Further, Lincoln has failed to remedy plaintiff's defaults and has materially breached its obligation to guarantee Barela's performance under the Bond.  *Id*. at 8, ¶ 47.  As a result of these

2

defaults and failures, Ames/Granite alleges it has been harmed in the amount of $1,735,001.17.  Id. at 7-8, ¶¶ 41, 48.

## II.  LEGAL STANDARD

A party may not simply sit out the litigation without consequence.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard").  In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55.  First, it must seek an entry of default from the Clerk of the Court under Rule 55(a).  Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).  *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

One consequence of default is that the well-pleaded allegations in the complaint are deemed admitted.  *See* Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010).  "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a

party in default does not admit mere conclusions of law." *Id.* at 63.  A court need not

accept conclusory allegations.  *Moffett v. Halliburton Energy Servs., Inc.* 291 F.3d 1227,

1232 (10th Cir. 2002).  Although "[s]pecific facts are not necessary" in order to state a

claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to

infer more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009) (internal quotation and alteration marks omitted).  Thus, even though

modern rules of pleading are somewhat forgiving, "a complaint still must contain either

direct or inferential allegations respecting all the material elements necessary to sustain

a recovery under some viable legal theory."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286

(10th Cir. 2008) (quotation and citation omitted).

     The decision to enter default judgment is "committed to the district court's sound

discretion."  *Olcott*, 327 F.3d at 1124 (citation omitted).  In exercising that discretion, the

Court considers that "[s]trong policies favor resolution of disputes on their merits."

*Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations

omitted).  "The default judgment must normally be viewed as available only when the

adversary process has been halted because of an essentially unresponsive party."  *Id.*

It serves to protect a plaintiff against "interminable delay and continued uncertainty as

to his rights."  *Id.* at 733.  When "ruling on a motion for default judgment, the court may

rely on detailed affidavits or documentary evidence to determine the appropriate sum

for the default judgment."  *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-

KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).  "[A] court may not enter a

default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). The Court need not conduct a fact-intensive inquiry, but must ensure that there is "a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

## III. ANALYSIS

The Court finds that Ames/Granite's allegations sufficiently state claims against both Barela and Lincoln. "[A] party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (internal citations omitted). Ames/Granite's third-party complaint alleges specific facts regarding the formation and terms of the subcontract, bond, and escrow agreements. Docket No. 17 at 3-4 ¶¶ 10-12, 15-16. It also alleges substantial performance on its part. *Id.* at 7, 8, ¶ 39, 45. Regarding breach, Ames/Granite alleges specific factual circumstances that resulted in a material breach of the subcontract, *id.* at 4-5, ¶ 21, and material breach of the related bond and escrow agreements. *Id.* at 6, 8, ¶¶ 30-31, 46-47.

"Generally, the measure of damages for a breach of contract is the loss in value to the injured party of the other party's performance caused by its failure or deficiency, plus any other incidental or consequential loss caused by the breach, less any cost or

other loss that the injured party has avoided by not having to perform." *Gen. Ins. Co. of Am. v. City of Colorado Springs*, 638 P.2d 752, 759 (Colo. 1981) (citing Restatement (Second) of Contracts, § 347 (1981)).  The third-party complaint alleges damages in the amount of $1,735,001.17.  Docket No. 17 at 7-8, ¶¶ 41, 48.  Ames/Granite's motion asks for an additional $130,000, i.e., $1,865,001.17, supported by a conclusory affidavit.  Docket No. 44-1 at 2, ¶¶ 8, 11.  No explanation is provided for the additional amount.  See Docket Nos. 44, 44-1.  Nor does plaintiff provide any indication of how either amount was determined.  *See* Docket Nos. 17, 44, 44-1.  The Court cannot "just accept [Ames/Granite's] statement of the damages." *Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111.  Rather, a detailed affidavit or documentary or testimonial evidence is necessary for the Court to determine whether the claimed damages are appropriate.  *Id*.  Because the Court cannot determine the appropriate amount of damages, the Court will enter default judgment on the issue of liability, but not damages.  *Id*. (finding subsequent action by the district court to determine damages "would, of course, in no way undermine the validity of the default judgment on the issue of liability.").  Ames/Granite may file a further motion for default judgment submitting evidence or requesting a hearing pursuant to Fed. R. Civ. P. 55(b)(2)(B) in order to show the appropriate amount of damages.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant and Third-Party Plaintiff Ames-Granite A Joint Venture's Motion for Default Judgment Against Third-Party Defendants Aaron Barela

d/b/a Minority Contract Consulting and Lincoln Reserve Group, Inc. [Docket No. 44] is

**GRANTED** in part and **DENIED** in part as set forth in this order.  It is further

**ORDERED** that default judgment as to liability shall enter against Aaron Barela

d/b/a Minority Contract Consulting and Lincoln Reserve Group, Inc.  It is further

**ORDERED** that any additional motion for default judgment on the issue of

damages shall be filed on or before April 14, 2017.


DATED March 27, 2017.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge