IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02009-PAB-KMT

K.N.J., INC., a Colorado corporation,

    Plaintiff,

v.

AMES-GRANITE A JOINT VENTURE, a Colorado general partnership,

    Defendant.
_____

AMES-GRANITE A JOINT VENTURE, a Colorado general partnership,

    Third-Party Plaintiff,

v.

AARON BARELA d/b/a Minority Contract Consulting, an individual, and
LINCOLN RESERVE GROUP, INC., a Nevada Corporation,

    Third-Party Defendants.
_____

## ORDER TO SHOW CAUSE
_____

    This matter is before the Court *sua sponte*. Only the third-party claims asserted by third-party plaintiff Ames-Granite a Joint Venture ("Ames") remain in this lawsuit. Docket Nos. 43, 46. On December 8, 2015, the Clerk of Court entered default against third-party defendant Lincoln Reserve Group, Inc. ("Lincoln"). Docket No. 30. On April 20, 2016, the Clerk of Court entered default against third-party defendant Aaron Barela. Docket No. 41. On March 27, 2017, the Court granted in part Ames' motion for default judgment against Lincoln and Mr. Barela. Docket No. 47. The Court ordered entry of

default judgment on the issue of liability, but denied without prejudice default judgment as to damages because the request was supported only by a conclusory affidavit. *Id*. at 5-6. The Court ordered that any motion for default judgment on the issue of damages be filed on or before April 14, 2017. *Id*. at 7. No such motion was filed. Since that time, the parties have not taken steps to advance the case.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a party's claims for failure to prosecute. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). Additionally, D.C.COLO.LCivR 41.1 provides: "A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice." In light of Ames' apparent failure to continue to prosecute its third-party claims, it is

**ORDERED** that, within fourteen days of the date of this order, Ames shall move for entry of default judgment on the issue of damages or show cause why judgment should not issue on the issue of liability and Ames' requests for damages be dismissed pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.1 for its failure to prosecute.

DATED May 25, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge